In the Interest of **JOHN DOE**, a Male Child, Born on January 15, 1984

NO. 13921

(FC–TPR NO. 0489)

AUGUST 7, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

The Department of Human Services of the State of Hawaii (DHS) appeals the family court's May 23, 1989 Findings of Fact; Conclusions of Law; and Order Denying Petition for Termination of Parent Rights (May 23, 1989 Order). We vacate the May 23, 1989 Order and remand for further proceedings consistent with this opinion.

## FACTS

The child involved in this case (Child) was born on January 15, 1984. On April 17, 1986, in FC–J No. 86–46341 (CPS case), DHS filed a petition under Hawaii Revised Statutes (HRS) § 571–11(9) (1985) for the protection of Child under HRS Chapter 587. On May 21, 1986 a Stipulation Establishing Jurisdiction and Awarding Foster Custody to DHS was filed.

On August 1, 1988 DHS filed, in this case (TPR case), a Petition for Forfeiture and Termination of Parental Rights (August 1, 1988 Petition) under HRS § 571–61(b)(1)(E) (1985). That statutory subsection provides as follows:

(b)  Involuntary termination.

(1)  The family courts may terminate the parental rights in respect to any child as to any legal parent:

\* \* \*

(E)  Whose child has been removed from the parent's physical custody pursuant to legally authorized judicial action under section 571–11(9), and who is found to be unable to provide now and in the foreseeable future the care necessary for the well–being of the child[.]

The May 23, 1989 Order denied the August 1, 1988 Petition.

When the trial in the TPR case commenced, the family court took judicial notice of the CPS case files. However, it later ruled, apparently on the basis of a hearsay objection, that DHS' March 15, 1988 Guidelines for Determining Whether the Child's Family is Willing and Able to Provide the Child with a Safe Family Home (March 15, 1988 Guidelines), contained in the CPS case file and answering the questions outlined in HRS § 587–25 (Supp. 1989), was inadmissible in the TPR case.

During the trial, the family court ruled that Child's mother (Mother) was privileged to prevent both Dr. F. Peter Bianchi, Jr., a licensed psychologist, and Lois Meyers, a registered nurse, from disclosing any communications made in the course of their separately rendered services to her.

## DISCUSSION
### I.

Is there any relevant information that is properly in the record of a child's child protective services (CPS) case that cannot be considered by the family court in a termination of parental rights (TPR) case under HRS § 571–61(b)(1)(E) involving the same child?  Our answer is no.

A TPR case brought under HRS § 571–61(b)(1)(E) must be preceded by judicial action in a CPS case under HRS Chapter 587. *See In re Male Child*, 8 Haw. App. 66, \_\_\_ P.2d \_\_\_ (1990). An HRS § 571–61(b)(1)(E) TPR case is, in essence, a continuation of the CPS case. Consequently, everything properly in the record of the CPS case can be considered in the TPR case brought under HRS § 571–61(b)(1)(E). Here, FC–J No. 86–46341 is the prior CPS case.

HRS § 571–62 (1985) supports our analysis. It states, in relevant part, as follows:

> If the [TPR] petition has been filed by or at the request of [DHS] or any such child–placing organization, or, in the event that a continuance has been requested as above provided, [DHS] shall prepare or procure and file in the termination proceeding a report of the facts disclosed as a result of investigation of the circumstances of the minor and the parent or parents whose rights are sought to be terminated. * * * Any such report shall be incorporated in the record of the proceeding and shall be considered by the court in determining the issues presented by the petition.

Therefore, the family court erred when it ruled that the March 15, 1988 Guidelines was inadmissible as hearsay evidence in the TPR case.

## II.

In an HRS § 571–61(b)(1)(E) TPR case, may the child's mother invoke a psychologist–client privilege to prevent a psychologist from testifying about any communications made during the counseling sessions held pursuant to a family court order, entered in a prior CPS case, requiring her to participate in weekly counseling sessions with him and specifying that the

communications made during those sessions shall be shared between the psychologist and DHS? Our answer is no.

Rule 504.1, Hawaii Rules of Evidence (HRE), Chapter 626, HRS, protects only "confidential communications." A communication is confidential only "if it is not intended to be disclosed to third persons" who are not involved in the counseling or psychotherapy. HRE Rule 504.1(a)(3).

On referral from Kaiser Hospital, Mother voluntarily contacted Dr. Bianchi in July 1987. DHS' October 26, 1987 Service Plan, which by stipulation the family court ordered on December 4, 1987, required Mother to "[a]ttend and participate in regular, weekly counseling sessions with Dr. Bianchi" and specified that the communications between Mother and Dr. Bianchi were to be shared between Dr. Bianchi and DHS. Thus, after December 4, 1987, Mother's communications with Dr. Bianchi were not confidential. They were intended to be disclosed to the family court in the CPS case and, if the matter went that far, in the TPR case.

### III.

In an HRS § 571–61(b)(1)(E) TPR case, may the child's mother invoke a physician–patient privilege to prevent a registered nurse from testifying about any communications made between them during the nurse's performance of outreach services to her in a prior CPS case? Absent additional relevant facts, our answer is no.

Since Mother is asserting the privilege, she has the burden of proving its applicability. *Sapp v. Wong*, 62 Haw. 34, 609 P.2d 137 (1980). *See also Williams v. People*, 687 P.2d 950 (Colo. 1984). Until Mother satisfies her burden and proves the applicability of a privilege, she is not legally authorized to invoke one.

As previously noted, HRE Rule 504 protects only "confidential communications." Communications to a nurse are confidential

if they are "not intended to be disclosed to third persons other than those present to further the interest of the patient in the consultation, examination, or interview" and if the nurse is "participating in the diagnosis or treatment under the direction of the physician[.]" HRE Rule 504(a)(3).

The record reveals that Mother "has been followed by Lois Myer [sic], outreach nurse, Kaiser, since May, 1987" but does not establish that Mother's communications were not intended to be disclosed to third persons or that Lois Meyers was diagnosing or treating Mother under the direction of a physician. On the contrary, the October 26, 1987 Service Plan ordered Mother to participate in outreach services with Lois Meyers and specified that these communications were to be shared with DHS. Therefore, Mother has not proven the applicability of a privilege.

## CONCLUSION

Accordingly, we vacate the May 23, 1989 Findings of Fact; Conclusions of Law; and Order Denying Petition for Termination of Parental Rights and remand for further hearing the DHS' August 1, 1988 Petition for Forfeiture and Termination of Parental Rights.

*Kenneth E. Enright* and *Jay K. Goss*, Deputy Attorneys General, on the brief for appellant Department of Human Services.

*Richard S. Kawana*, on the brief for appellee Mother of Child.